# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-30569
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Aaron Wade Knight,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-151-1

———————————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Aaron Wade Knight was convicted by a jury of two counts of interstate transmission of extortionate communication, in violation of 18 U.S.C. § 875(c). He was sentenced to 27 months of imprisonment and three years of supervised release on each count, to run concurrently.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30569

On appeal, Knight argues that the jury instructions were plainly erroneous based on the Supreme Court's holding in *Counterman v. Colorado*, 600 U.S. 66 (2023), which was decided after his conviction. He contends that under *Counterman*, the jury should have been instructed that the Government must prove that Knight acted recklessly with respect to the threatening nature of his communication.

The Government claims that Knight invited the error he now argues on appeal because defense counsel proposed the instructions ultimately given to the jury. Invited error occurs when the defendant or his counsel induces the error, and an invited error is reviewed only for manifest injustice. *United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001). Although the district court provided defense counsel with the opportunity to brief any argument for different or additional jury instructions, counsel declined to do so. Moreover, the proposed jury instruction submitted by defense counsel was the instruction used by the court during trial. Thus, Knight arguably invited the alleged jury instruction error and review should be limited to manifest injustice. *See Green*, 272 F.3d at 754. Regardless, Knight loses under the more generous standard of plain error, as discussed below.

Under plain error review, Knight must show a clear or obvious error that affected his substantial rights. *See United States v. Capistrano*, 74 F.4th 756, 769 (5th Cir. 2023). When reviewing a jury instruction, this court considers the jury charge as a whole and will reverse only if the charge leaves it "with the substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Id.* at 769-70 (internal quotation marks and citation omitted). To amount to plain error, Knight must show that the error in the instruction meant the difference between his conviction and acquittal. *See id.* at 769-72.

2

No. 23-30569

In *United States v. Elonis*, 575 U.S. 723, 740 (2015), the Supreme Court held that a negligence standard was insufficient to support a conviction under § 875(c), and it stated that there was no dispute that the mental state requirement in § 875(c) "is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." It declined to address whether recklessness would suffice for a conviction under that statute. *Id.* at 725, 740-41. In *Counterman*, 600 U.S. at 73, 82, the Supreme Court held, citing to *Elonis* throughout the opinion, that the First Amendment requires proof of a defendant's subjective mindset in "true-threats cases," and it established a minimum constitutional mens rea of recklessness that the Government must prove to convict a criminal defendant for use of threatening speech.

When reviewing a jury instruction, this court considers the jury charge as a whole and will reverse only if the charge leaves it "with the substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Capistrano*, 74 F.4th at 769 (internal quotation marks and citation omitted). A district court does not err by giving a charge that tracks this court's pattern instructions and is a correct statement of the law. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009). The jury in this case was instructed from the Fifth Circuit Pattern Jury Instructions that the Government needed to prove that Knight "knowingly" communicated a threat. *See* Fifth Circuit Pattern Jury Instructions (Criminal) § 2.39 (2019). The pattern jury instruction at issue specifically references the decision in *Elonis* regarding the mens rea necessary for a conviction. *Id.* The standard articulated in *Elonis* goes beyond the recklessness requirement. Accordingly, because the jury instructions were the pattern jury instructions and represent a correct statement of law, Knight cannot show that the district court

3

committed obvious or clear error.  *See Capistrano*, 74 F.4th at 769; *Whitfield*, 590 F.3d at 354.

The district court's judgment is AFFIRMED.  Knight's motion for limited remand under Federal Rule of Appellate Procedure 12.1 is DENIED.